UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOANETA IOTOVA; ISSAK ALMALEH,

Plaintiffs,

-against-

JULIE RIVERA; ISRAEL AMEIJEIRAS,
BROKER AT LMG REALTY; RONALDO
REYES; MARIA TORRES,

Defendants.

22-CV-3786 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs, who are appearing *pro se*, bring this action alleging that Defendants falsely

testified in the criminal proceedings leading to Plaintiffs' conviction. By order dated June 28,

2022, the Court granted Plaintiffs' requests to proceed *in forma pauperis* (IFP), that is, without

prepayment of fees. The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is

obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009),

and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted)

(emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted),

has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiffs Antoaneta Iotova and Issak Almaleh, who were accused of engaging in a scheme to obtain real property through fraud, were convicted on all counts, following a jury trial. *See United States v. Almaleh*, ECF 1:17-CR-00025, 2 (ER) (S.D.N.Y. Mar. 7, 2022). Plaintiffs are scheduled to be sentenced on October 6, 2022. While the criminal charges were pending, Plaintiffs brought numerous civil actions against counsel, court officers, and judicial officers connected to the criminal proceedings, prompting District Judge Katherine B. Forrest, on February 28, 2018, to enjoin Plaintiffs "from filing any lawsuits against any counsel, court officer, or judicial officer connected to the criminal proceedings during its pendency," and directing that "[a]ny further such suits shall be summarily dismissed." *United States v. Almaleh, et al.*, ECF 1:17-CR-0025, 108 (S.D.N.Y. Feb. 28, 2018). Despite Judge Forrest's order, Plaintiffs continued to file actions that fell within the scope of the February 28, 2018, order, and

those actions were dismissed. *See e.g. Iotova, et al., v. Ocwen Fin. Corp.*, ECF 1:19-CV-10664, 2 (S.D.N.Y. Nov. 21, 2019); *Iotova, et al., v. Bharara*, ECF 1:19-CV-10663, 2 (Nov. 21, 2019); *Iotova, et al., v. McMahon*, ECF 1:18-CV-9181, 7 (S.D.N.Y. Oct. 25, 2018).

Plaintiffs now bring this action against Julie Rivera; Israel Ameijeiras, a broker at LMG realty; Ronaldo Reyes; and Maria Torres, alleging that these Defendants, who testified during Plaintiffs' criminal trial, "deliberately lied in the Federal Court against the Plaintiffs here, and had personal benefit of doing this, and with their false testimony jeopardized the criminal case 17-0025 in the same Court, Southern District of New York, and caused personal harm to the Plaintiffs." (ECF No. 3 at 1.)[1]

Plaintiffs bring this action seeking to have the Court "null the trial against them and to make these people accountable for lying in the Court, and finally to dismiss the absurd charges against [them] in case 17-0025-cr in the SDNY." (*Id.* at 4.) They also seek to have "any prosecution in case 17-cr-0025 in the Southern District of NY to be terminated till the final decision on this case here." (*Id.*) Plaintiffs also seek monetary damages in the amount of "10 million dollars for the financial and moral damages" caused by Defendants. (*Id.*)

## DISCUSSION

Because Plaintiffs allege that Defendants violated their constitutional rights, the Court construes Plaintiffs' claims as arising under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

---

[1] The Court quotes the complaint verbatim. All errors and capitalization are in the original.

## A.      Witness Immunity

Even if the Court were to assume that Defendants are state actors who are subject to

liability under section 1983,[2] Plaintiffs fail to state a claim for relief. Witnesses are absolutely

immune from liability under section 1983 for damages for their testimony, even if their

testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460

U.S. 325 (1983); *see also Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012)

(summary order) (when the "only avenue by which the [fabricated evidence can] reach the jury

[is] through [a witness's] testimony," claims of fabricated evidence are precluded by witness

immunity). The Court therefore dismisses these claims under the doctrine of witness immunity.

*See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## B.      *Younger* abstention doctrine

To the extent that Plaintiffs are asking the Court to intervene in their pending criminal

proceedings, the Court must dismiss these claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the

Supreme Court held that federal courts may not stay or enjoin pending *state* court proceedings

except under extraordinary circumstances. One basis of *Younger*'s holding was that federal courts

are bound by the "basic doctrine of equity jurisprudence that courts of equity should not act, and

particularly should not act to restrain a criminal prosecution, when the moving party has an

---

[2] Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a " state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass' n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43-44. As the Supreme Court stated in an earlier case:

> It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction.

*Douglas v. City of Jeannette*, 319 US 157, 163 (1943). Accordingly, many courts have extended the holding of *Younger* and concluded that federal courts also may not stay or enjoin *federal* prosecutions. *See, e.g., Ceglia v. Zuckerberg*, 600 F. App'x 34, 37-38 (2d Cir. 2015) (summary order) (under *Younger*, a court may civilly enjoin a federal criminal prosecution only "where the danger of irreparable loss is both great and immediate," but "[g]enerally, no danger exists where the defendant has the opportunity to offer a defense in the criminal prosecution . . . in a federal forum." (citing *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987) (affirming denial of an attempt to enjoin prosecution by an independent counsel, and noting that "in no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or presentment of an indictment")); *Barnes v. Salina*, No. 18-CV-6060 (FPG), 2018 U.S. Dist. LEXIS 19421, at *1-3 (W.D.N.Y. Feb. 5, 2018) (dismissing petition under § 2241 that sought release from custody and dismissal of pending federal criminal charges and specifying that, "while *Younger* involved a case where a federal court was asked to interfere in a pending state criminal prosecution, its equitable principles apply where federal courts are asked to interfere in a federal criminal action"); *Kajtazi v. Johnson-Skinner*, No. 16-CV-9434 (AJN), 2017 U.S. Dist. LEXIS 13364, at *1-8 (S.D.N.Y. Jan. 30, 2017) ("Because '[t]here are adequate remedies available to [Plaintiff] within the underlying criminal proceedings to address the issues raised' in his Complaint, the application for an injunction is properly dismissed." (quoting *Ali v. United*

*States*, 12-cv-816A, 2012 U.S. Dist. LEXIS 132463, 2012 WL 4103867, at *2 (W.D.N.Y. Sept. 14, 2012) (dismissing petition under § 2241)); *Buczek v. Bruce,* 09-CV-1129, 2011 U.S. Dist. LEXIS 55409, at *13 (W.D.N.Y. May 19, 2011); *Kantipuly v. Ross*, No. 06-CV-0792E, 2007 U.S. Dist. LEXIS 104605, at *4-5 (W.D.N.Y. Jan. 17, 2007) (collecting cases); *Campbell v. Chase Nat'l Bank*, 5 F. Supp. 156, 167 (S.D.N.Y. 1933), *aff'd*, 71 F.2d 671 (2d Cir. 1934) (dismissing suit against United States Attorney, which sought to enjoin prosecution of indictment).

Because Plaintiffs had the opportunity to offer a defense in the criminal prosecution, and the criminal prosecution is ongoing, this Court will not intervene in the criminal proceedings pending before Judge Ramos.

## C.      Challenge to conviction and sentence

To the extent that Plaintiffs seek to challenge their conviction, the proper vehicle is a motion under 28 U.S.C. § 2255. A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

After Plaintiffs are sentenced, and their judgment of conviction has become final, they may bring a motion under 28 U.S.C. § 2255 to challenge their conviction. If, however, they wish to litigate the claims raised in this complaint or raise objections to the ongoing criminal proceedings, they should file the appropriate motion in the criminal action. Plaintiffs must be

sure to write the docket number for their criminal case, 17-CR-0025 (ER), on any submission they send to the Court with respect to their criminal case.

**D.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiffs' complaint cannot be cured with an amendment, the Court declines to grant Plaintiffs leave to amend their complaint.

## CONCLUSION

Plaintiffs' complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiffs' "Motion to produce addresses for service of the defendants" (ECF No. 5) is denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 26, 2022
             New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge